103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Commodore GUNN, Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 96-2102.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 6, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Commodore Gunn and a fellow inmate at the Indiana State Prison were cited for fighting, a violation of the Adult Disciplinary Policy Procedures. Gunn received a copy of the report and was notified of the disciplinary hearing. Although he also was informed that he could call witnesses, Gunn did not request that any be present at the hearing. At the hearing, Gunn claimed that he was not fighting, and argued that he and the other inmate were engaged in "horseplay." Based on the conduct report filed by the reporting officer and the testimony provided by Gunn, the Conduct Adjustment Board ("CAB") found Gunn in violation of the rules and imposed one year of disciplinary segregation, a demotion in time class and revocation of 180 days of earned credit time. On administrative appeal, Gunn's violation was lowered to disorderly conduct and his sanction reduced to the loss of 90 days earned good time credit and one year of disciplinary segregation. Gunn, now incarcerated at the Wabash Valley Correctional Institute, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the conduct report lacked specificity and that no evidence existed to support the charge. Gunn's petition was denied by the district court. Gunn appeals contending that he did not receive sufficient notice of the charges against him; that the evidence was insufficient to support the charge; that the district court erred in not expanding the record; and that he was denied his right to call witnesses. Because we conclude that Gunn received all of the process he was due, we affirm.
 
 
 2
 The Due Process Clause requires that a prisoner receive at least twenty-four hours' notice of the charges against him so that he may "marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Gunn received a copy of the conduct report describing the fighting charges, including the date and time of the altercation, as well as an identification of the others who were present. The report also included the name and number of the rule violated. The facts provided to Gunn were enough to inform him of the nature of the offense and to allow him to prepare a defense. Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir.1995). Furthermore, Gunn received the report over twenty-four hours in advance of his hearing. Such notice is constitutionally sufficient. Rasheed-Bey v. Duckworth, 969 F.2d 357, 362 (7th Cir.1992).
 
 
 3
 Gunn also asserts that the evidence was insufficient to find him in violation of the prison rule, and, in conjunction, that the district court erred in not expanding the record to include a written statement from the officer who wrote the conduct report, allegedly recanting the report. The CAB based its finding of guilt on a written report which provided details of the confrontation. Gunn does not dispute that the conduct described in the report actually occurred. Rather, he asserts that the CAB erred when it determined that the conduct constituted fighting, now disorderly conduct. Procedural due process, however, does not guarantee a certain result. In a prison disciplinary setting, due process requires only that determinations of guilt be supported by "some evidence." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). The CAB's summary states that its finding was based upon the Report of Conduct and Gunn's current conduct history. "We will overturn the ... [CAB's] decision only if no reasonable adjudicator could have found ... [the petitioner] guilty of the offense on the basis of the evidence presented." Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir.1993), cert. denied, 115 S.Ct. 314 (1994). The CAB's finding was supported by some evidence.
 
 
 4
 We review the district court's decision not to expand the record for an abuse of discretion. Levine v. Torvik, 986 F.2d 1506, 1517 (6th Cir.1993). While Gunn states that both the CAB and the district court should have required a statement from the officer, Gunn has submitted no affidavit from the officer or proffered any other evidence indicating that the officer wanted to recant his report or discussing why the report should be disregarded. The district court did not abuse its discretion in not expanding the record.[1]
 
 
 5
 Gunn also claims for the first time on appeal that the CAB denied him his right to call witnesses during his hearing. Arguments not presented in the district court, however, are waived on appeal. Gagan v. American Cablevision, Inc., 77 F.3d 951, 966 (7th Cir.1996). Even if we were to review this argument on the merits, we conclude that it would fail. The Notice of Disciplinary Hearing provided to Gunn contains his signature and states that he requested no witnesses. Gunn also admits in his opening brief that he was "informed of his procedural rights," but that he "waived his ... notice to have witnesses called." Petitioner's Opening Br. at 8. While Gunn had a constitutional right to call witnesses at his disciplinary hearing, this right is not unrestricted. Wolff, 418 U.S. at 566. The CAB officer's refusal to call the witnesses on the day of the hearing was proper. Hamilton v. O'Leary, 976 F.2d 341 (7th Cir.1992) (prisoner's request to call witnesses which was not presented until the day of the hearing properly was denied as untimely).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In his petition for a writ of habeas corpus, Gunn requested that the district court direct that written statements from both an administrative official and the citing officer be taken. The district court appears only to have addressed Gunn's request to require the submission of a statement from the administrative official